**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 22, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

LEONARD BALDAUF,

       Plaintiff–Appellant,

v.

JOHN HYATT; ROBERT FAHEY,
Lieutenant, Fremont Corr. Facility;
GARY NEET, Warden; GLORIA
MASTERSON; CHARLES TAPPE,
Hearing Officer; RICHARD
MARTINEZ, Hearing Officer; BETTY
FULTON, Case Manager; DAVID
ROBERTS, Case Manager; PAUL
CARRERAS, Lieutenant; WILLIAM
ZALMAN, Director of Offender
Services; CONNIE DAVIS, Sergeant;
PATRICIA ROMERO, Mental Health
Case Worker; KEN MAESTAS,
Lieutenant; SERGEANT GARCIA,
(First name unknown); LIEUTENANT
CARR, (F.N.U.); DAVID
ARCHULETA, Sergeant; CHAD
NELSON, Officer; UNKNOWN
PROPERTY OFFICER; NARD
CLAAR, Asst. Warden; MAJOR
HARLAN, (F.N.U.),

       Defendants–Appellees.

No. 08-1158
(D.C. No. 01-CV-01315-REB-CBS)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of

(continued...)

Before **KELLY**, **PORFILIO**, and **O'BRIEN**, Circuit Judges.

This is the third appeal in this prisoner civil rights case brought pursuant to 42 U.S.C. § 1983. We dismiss in part, and affirm in part.

Plaintiff Leonard Baldauf, a prisoner of the State of Colorado appearing pro se, brought suit under § 1983, alleging that his constitutional rights had been violated. Initially, the district court dismissed the complaint, in part for lack of jurisdiction under the *Heck* doctrine, *see Heck v. Humphrey*, 512 U.S. 477 (1994). R., Doc. 30, at 6-7, Doc. 32. Plaintiff appealed, and we remanded for the district court to conduct additional proceedings to resolve whether it had jurisdiction. *Baldauf v. Hyatt*, 120 F. App'x 288 (10th Cir. 2005). On remand, the district court concluded that it did have jurisdiction to proceed, *see* R., Docs. 71, 75, and, on defendants' renewed motion to dismiss, dismissed all of plaintiff's claims on the merits except for his first claim for relief against defendants Fahey, Hyatt, other unnamed officers, Carreras, Davis, Fulton, Maestas, Garcia, and Archuleta,

---

[*](...continued)
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*id.*, Doc. 92, at 10-13, Doc. 103, at 3.  We dismissed plaintiff's interlocutory appeal from the district court's order.

Proceedings then continued in the district court on plaintiff's remaining claim against the remaining parties.  The district court granted plaintiff's motion for appointment of counsel.  *Id.*, Doc. 130.  After some discovery, defendants filed a motion for summary judgment.  *Id.*, Doc. 146.  Plaintiff's counsel filed a brief in response, *id.*, Doc. 153, but failed to object to the magistrate judge's subsequent recommendation to grant summary judgment, *id.*, Doc. 161.  The district court adopted the recommendation on January 31, 2008, *id.*, Doc. 162, and entered judgment on February 21, 2008, *id.*, Doc. 163.

On March 11, 2008, plaintiff's counsel filed a motion for relief, arguing that his failure to file objections was due to excusable neglect because he did not receive the order referring the matter to the magistrate judge or the magistrate judge's recommendation.  *Id.*, Doc. 167.  The district court considered the motion for relief under Fed. R. Civ. P. 60(b), but denied it on April 8, 2008, because counsel had admitted that his office had had problems in the past receiving court filings through the electronic case management system, including in this case; because counsel did not move for relief promptly upon receiving the district court's January 31 order adopting the magistrate judge's recommendation; and because counsel "failed to present any argument suggesting that plaintiff may have one or more meritorious objections to the magistrate judge's

recommendation." R., Doc. 176, at 2-3. The district court reasoned that counsel should have been more vigilant. *Id.* at 3. Plaintiff filed this appeal pro se, designating the order granting summary judgment and the order denying relief from the judgment.

We lack jurisdiction over the order granting summary judgment because plaintiff's notice of appeal was untimely as to that order. The judgment was entered on February 21, 2008. *See id.*, Doc. 163. Plaintiff filed his notice of appeal on April 28, 2008, *see id.*, Doc. 177, more than thirty days after the judgment was entered, and the notice of appeal was therefore untimely. *See* Fed. R. App. P. 4(a)(1)(A). His motion for relief was not filed within ten days of the judgment, so it did not toll the time to file an appeal. *See* Rule 4(a)(4)(A)(vi). To the extent that plaintiff challenges the grant of summary judgment, we dismiss the appeal.

We have jurisdiction to review the denial of plaintiff's motion for relief because plaintiff's April 28, 2008, notice of appeal was filed within thirty days of the district court's April 8, 2008, order denying that motion. *See* Rule 4(a)(1)(A). Plaintiff raises no arguments as to the denial of his motion for relief, however; all of his arguments on appeal relate to the grant of summary judgment. We therefore affirm the district court's denial of the motion for relief without further discussion.

The appeal is DISMISSED in part and the judgment of the district court is otherwise AFFIRMED. Appellant's motion for leave to proceed in this court without prepayment of costs and fees is DENIED. Appellant shall pay the fees within thirty days of the date of this order.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge